**UKRAINIAN–AMERICAN BAR ASSOC., et al., Plaintiffs,**

**v.**

**George P. SHULTZ, et al., Defendants.**

**Civ. A. No. 85–3487–LFO.**

United States District Court, District of Columbia.

Aug. 31, 1988.

Andrew Fylypovych, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., Michael Waris, Jr., Baker & McKenzie, Washington, D.C., for plaintiffs.

R. Craig Lawrence, Asst. U.S. Atty., Washington, D.C., for defendants.

### MEMORANDUM

OBERDORFER, District Judge.

Myroslav Medvid, a Ukrainian merchant seaman, jumped off a Soviet grain vessel, the Marshall Konev, anchored on the Mississippi River on the evening of October 24, 1985, and sought political asylum in the United States. His efforts to remain in the United States attracted attention almost immediately. In particular, individual plaintiffs Julian Kulas and Orest Jejna, both members of the plaintiff Ukrainian–American Bar Association ("UABA"), allege without contradiction that they attempted to contact U.S. government officials to offer their legal services to Medvid in his effort to obtain asylum. Their efforts were unsuccessful. Medvid received no legal counsel during the period when his current and future status in the United States were in dispute, and on November 9, 1985, after Medvid stated that he did not wish to seek asylum any more, the Konev, with Medvid aboard, left U.S. waters.

In an Amended Complaint filed on March 4, 1986, plaintiffs sought an order that the

governmental defendants notify plaintiffs "each and every time a person from the USSR seeks or appears to be seeking, or when there is a question whether such a person is seeking political asylum in the U.S. and that access to said individual be granted immediately." Amended Complaint at 10. Defendants filed a motion to dismiss on April 4, 1986, that was denied on June 2, 1986. Defendants' motion for summary judgment was denied on March 3, 1988. On July 29, 1988, an order was issued requiring, *inter alia,* the Immigration and Naturalization Service ("INS") to "furnish each person seeking asylum who is identified as coming from a Soviet or East Block country information, in written form satisfactory to INS and/or the Court, describing UABA's offer to render free legal services to any such person and describing how and where such person may communicate with UABA or its representative."

The July 29 Order is necessary because the defendants have violated, and threaten to violate in the future, plaintiffs' First Amendment right to communicate effectively an offer of free legal services to unadmitted aliens seeking asylum from the Soviet Union or "East Block" European countries. *See* Declaration of Abraham D. Sofaer at ¶ 10 (June 12, 1987). The issue with respect to the rights of Medvid, or any other alien seeking asylum in this country, is not addressed. The July 29 Order addresses the right of the American lawyers and their association, specialists in the legal rights of persons seeking asylum, to provide effective notice that they will provide free legal service for certain political refugees who seek asylum.

This First Amendment right was first recognized by the Supreme Court in *N.A.A.C.P. v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), where the Court asserted that "[i]n the context of NAACP objectives, litigation is not a technique of resolving private differences; it is ... a form of political expression." *Id.* at 429, 83 S.Ct. at 336. Just as the NAACP in the late 1950's and early 1960's found litigation "the sole practicable avenue open ... to petition for redress of grievances," *id.* at 430, 83 S.Ct.

at 336, the UABA today cannot effectively achieve the essentially political goals that lay near the organization's core purpose—the beneficial integration of individuals of Ukrainian descent into the American legal and political society—without being able to disseminate its offer of free legal services to citizens of the Soviet Union and East Block nations seeking political asylum in the United States.

"The Supreme Court has repeatedly emphasized that counsel have a first amendment right to inform individuals of their rights, at least when they do so as an exercise of political speech without expectation of remuneration." *Jean v. Nelson,* 727 F.2d 957, 983 (11th Cir.1984) (en banc), *aff'd,* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed. 2d 664 (1985). The UABA's efforts to provide notice of available legal services are protected in the context of political asylum cases because those cases are, as the term suggests, inherently political. At stake in many of these cases are choices between vastly different economic and political systems. The UABA and its members have a First Amendment right to use litigation and other legal services to support the economic and political community they prefer and to encourage others of similar ancestry to join that community.

Furthermore, the UABA has stated repeatedly that its legal services in political asylum cases will be provided without cost. Hence, "there is no danger that the attorney will desert or subvert the paramount interests of his client to enrich himself or an outside sponsor." *N.A.A.C.P. v. Button,* 371 U.S. at 443, 83 S.Ct. at 343. The UABA wishes to offer its legal services to those seeking asylum for political, not financial, reasons.

Finally, the July 29 Order is essential to plaintiffs' political speech and activity. Without the order, plaintiffs have no means of offering their legal services to those who need them. As the Legal Advisor to the State Department stated in his declaration of June 12, 1987:

I am not aware of any law or regulation which would have obligated the Depart-

ment either to accept such offers [of legal assistance] or to pass them on to Medvid. To the contrary, I believe it would be highly inappropriate and disruptive to the efficient and orderly operations of the government if private individuals and organizations were permitted to intervene upon demand in federal law enforcement operations like the Medvid incident.

The July 29 Order simply requires the government to forward the plaintiffs' offer to those seeking asylum from the Soviet Union or East Block countries. It does not require, as plaintiffs originally requested, the government to notify the UABA every time a Ukrainian seeks political asylum here or to provide access without the individual specifically requesting legal assistance.

Thus, the plaintiffs' First Amendment rights are vindicated—they can pursue their political goals by having every Soviet or East Block citizen seeking asylum informed of the group's offer of assistance. But their rights do not extend so far as to mandate access to these individuals even when the individuals have not requested the UABA's help. Nor does the order intrude upon the defendants' responsibility to administer the foreign policy of the United States by inciting citizens of other countries to defect in violation of those countries' laws. The communication or notice here required issues only when a citizen of a foreign country has taken the initiative to seek asylum here and thereby places himself in the category of persons to whom plaintiffs have a constitutional right to communicate the availability of their professional services.

Accordingly, the order entered on July 29, 1988, shall remain in effect until such time as the Department of Justice publishes a final rule arising from those published for notice and comment on April 6, 1988, or until further order of this Court.

### ORDER

An order filed on July 29, 1988, required plaintiff Ukrainian–American Bar Association to "present to counsel for INS a specific document for communicating the availability of legal services, the places where such services are available, and the method by which the person seeking asylum may communicate with the UABA or its representative at each such place." Plaintiff provided such a document, and on August 25, 1988, defendants objected to the proposal in a Memorandum to the Court. Plaintiff replied on August 29, 1988. In consideration of the language of the July 29 Order and the submissions of the parties, it is this 31st day of August, 1988, hereby

ORDERED: that UABA shall, on or before September 15, 1988, distribute to each INS office, nationwide, a notice in the following form:

---

### NOTICE

In the United States of America, persons frequently and routinely have private attorneys assisting them in matters involving the government. There are private attorneys in this country, members of the Ukrainian–American Bar Association, who speak your language and will assist you free of charge. These attorneys are not associated with any government. The services of these attorneys are available anywhere in the United States, or in any country in which the United States Immigration Service maintains an office. If you want the assistance of such an attorney, please tell the officer who gave you this notice. The officer will then call or have you call (XXX) XXX–XXXX [to be completed by UABA], which is the telephone number of the Ukrainian–American Bar Association, where you can get legal assistance. This telephone number will be answered 24 hours a day.

---

and it is further

ORDERED: that the UABA may provide this notice in English, Byelorussian, Estonian, Latvian, Lithuanian, Russian, and Ukrainian; and it is further

ORDERED: that this Order shall remain in effect until such time as the Department of Justice publishes a final rule arising

from those published for notice and comment on April 6, 1988, or until further order of this Court.